UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

IRINA TESORIERO,

    Plaintiff

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES
a/k/a CARNIVAL CRUISE LINE,
    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and files this Complaint for Damages and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, IRINA TESORIERO, is sui juris and is a resident of Bergenfield, New Jersey.

3. **THE DEFENDANT**. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES a/k/a/ CARNIVAL CRUISE LINE (hereinafter referred to as CARNIVAL or Defendant or the cruise line), is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

1

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF THE INCIDENT**. The incident occurred on June 26, 2015.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel Carnival *Splendor*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly the Plaintiff's claims are governed by the general maritime law. Specifically the Plaintiff's incident occurred inside the Plaintiff's cabin onboard the ship.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10. **DESCRIPTION OF THE INCIDENT:** Carnival owns and/or manages more than twenty cruise ships, including the Carnival *Splendor*. On each and every ship there are hundreds of passenger cabins which become the temporary homes of each passenger traveling onboard the ship. Carnival provides furniture for use by passengers in each cabin. Carnival knows that cabins are extremely popular places onboard its ships and that passengers spend a great deal of time inside their cabins. Carnival knows that cabins and cabin furniture are subject to significant wear and tear due to the high volume of passengers using the cabins, and each cabin's furniture, from cruise to cruise. Because Carnival knows this, Carnival also knows that it must **regularly inspect** each cabin to ensure that all cabin furniture is in a safe condition and is fit for use by its passengers. Carnival also knows that its employees must **provide adequate maintenance** to cabin furniture and promptly replace or repair cabin furniture that is unsafe or unfit for passenger use to prevent passengers from becoming injured.

11. On the date of the subject incident, the Plaintiff sat in a chair in her cabin, and suddenly and without warning one of the chair's legs became removed from the rest of the chair, causing the chair to fall over. The Plaintiff did absolutely nothing to cause the chair to collapse. The chair

was used in the manner in which, if not for negligent maintenance by the Defendant, it should not have broken.

12.     The collapse of the chair would not in the ordinary course of events have occurred without negligence on the part of the one in control of the chair and of its inspection and maintenance, that is, the Defendant cruise line.

13.     The negligent maintenance and defect in the chair caused the chair to fall over while the Plaintiff was sitting in the chair. As the chair fell, the Plaintiff also fell out of the chair and has suffered severe, debilitating, and permanent injuries to her right arm which have thus far required two surgeries.

## COUNT I: NEGLIGENCE

14.     The Plaintiff, IRINA TESORIERO, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13, above.

15.     **DUTIES OWED BY THE DEFENDANT.**  The Defendant owed a "duty to exercise reasonable care for the safety of its passengers", including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable,

and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

16. The Defendant breached those duties and was negligent by:

   a. Failing to inspect and to inspect on a regular basis the furniture including the subject cabin chair on the subject cruise ship;

   b. Failing to repair and maintain the furniture including the subject cabin chair on the subject cruise ship;

   c. Failing to have in place a regular maintenance program for the cabin furniture on the subject cruise ship;

   d. Failing to generate and require reasonable and adequate records of inspection and maintenance of the cabin furniture including the subject chair on the subject cruise ship;

   e. Failing to replace cabin furniture including cabin chairs on the subject cruise ship on a regular, timed basis or on an as needed basis after regular inspection;

   f. Failing to provide safe furniture and safe seating areas inside passenger cabins;

   g. Failing to provide a program or method of operation where the furniture in the cabins onboard the subject ship is routinely inspected, repaired, maintained, and/or replaced;

   h. Failing to properly and reasonably train its employees in the proper method of inspecting cabin furniture and ensuring cabin furniture is in a safe condition;

      i.      Failing to remove cabin chairs on the subject ship which are not regularly inspected or are in disrepair;

      j.      Failing to warn passengers that the cabin chairs on the subject ship are in disrepair and are not inspected and are unsafe; and

      k.      Failing to otherwise provide a safe place for passengers to sit inside of their cabins onboard the subject ship.

17. No notice is required because the Defendant created the dangerous condition, negligently maintained the area including the subject chair, and/or engaged in and was guilty of negligent methods of operations.

18. The Defendant had actual knowledge and/or constructive knowledge of the dangerous condition. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.

19. The Defendant's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the

enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/John H. Hickey*
John H. Hickey (FBN 305081)
Hickey@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*